**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT LEXINGTON**

**CIVIL ACTION NO. 14-207-KKC-JGW**

**JASON RUSSELL**                                                                         **PETITIONER**

**V.**

**RANDY WHITE, WARDEN**                                                          **RESPONDENT**

**MEMORANDUM ORDER**

After reluctantly granting the parties' motion for continuance, on March 11, 2015 the

Court conducted what had been designated as an evidentiary hearing regarding petitioner's

request to deem timely his 28 U.S.C. §2254 petition via the application of equitable tolling.

Unfortunately, no testimony was presented at the hearing, primarily due to the absence of

petitioner's court-appointed counsel, Daniel Canon.[1]  Mark Hall, who had neither met nor even

spoken to petitioner beforehand, appeared on petitioner's behalf.  In fact, Hall had not been

appointed by the Court to represent petitioner and had only entered an unexpected appearance as

co-counsel for petitioner three business days before the hearing.

Faced with a situation in which petitioner's right to present fully and adequately his

equitable tolling claim was stymied through no fault of his own, on March 13, 2015 the Court

granted petitioner's request to have additional time to acquire and present evidence regarding

petitioner's mental state.  Specifically, the Court ordered that "[o]n or before **MAY 18, 2015** Mr.

Canon shall present any additional evidence or testimony at which time the file will be submitted

---

1 At the Court's directive, the parties are in the process of briefing the
issue of the imposition of sanctions upon Canon.  That matter will be
addressed via separate ruling.

1

to the undersigned[.]" Doc. 38.  On March 25, 2015, petitioner filed the pending motion to be

permitted to also propound six interrogatories and six production of documents to respondent.

Doc. 41.

The day after the motion for discovery was filed, the Court conducted a conference call

with counsel focused on the question of imposing sanctions on Canon for his failure to appear on

March 11.  During the call, petitioner's motion for discovery also was briefly discussed.

Specifically, counsel for respondent asked the Court for "some clarification on your intentions

about Mr. Russell's right to present proof? I'm unclear as to whether your order, Document

Number 38, granted a right to discovery and to what extent."  Doc. 43, p. 6.  After discussion by

counsel, the Court stated "And, yes, I am allowing him to conduct discovery as if we were

starting over. As I said, it was very reluctant, but my main concern is Mr. Russell, that he gets

due process here, what he's entitled to, so yes."  *Id.* at p. 6-7.

On April 2, 2015, respondent filed an extraordinarily vehement objection to petitioner's

motion for discovery.  Doc. 44.  Petitioner filed a reply on April 6, 2015 (doc. 46), making the

matter ripe for adjudication.  After considering the record and applicable law, the Court

concludes the motion will be granted in part and denied in part.

Before delving into the specifics of the discovery requests, the Court will first address

respondent's oft repeated argument that petitioner is not entitled to discovery (or any other relief)

based upon the actions/inactions of counsel because petitioner wasn't entitled to counsel in the

first place.  As the Court explained previously, petitioner's request for application of equitable

tolling necessitated an evidentiary hearing due to this case's factual similarity to *Ata v. Scutt*, 662

F.3d 736, 742 (6th Cir. 2011).  Rule 8 of the Rules Governing Section 2254 Cases provides that

2

"[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Because petitioner is indigent, therefore, the Court was obligated to appoint counsel for him.[2]

The Court shares respondent's frustration over the fact that the March 11 hearing was unproductive. However, the fault for the fizzled hearing rests with Canon, not petitioner. The Court's responsibility is to allow petitioner to present fully his equitable tolling claims and to allow respondent to respond. Respondent's harsh assertion that he has been handicapped by the Court's decision to let petitioner present additional evidence is unfounded. Petitioner is merely being given a chance to present fully his equitable tolling claims; respondent similarly will be given an opportunity to present evidence in opposition. After all, to accept respondent's view would be to punish petitioner for counsel's acts, which the Court declines to do.

Rule 6 of the Rules Governing Section 2254 Cases governs discovery. That rule provides in relevant part: "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . . A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." As

---

2 The Court is cognizant that, with a narrow exception inapplicable here, "federal courts have held that there is no constitutional right to an attorney in post-conviction proceedings, and that ineffective assistance of post-conviction counsel therefore cannot establish cause for procedural default" and also that "28 U.S.C. § 2254(i) bars a claim of ineffective assistance of post-conviction counsel as a separate ground for relief. . . ." *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013). The fact that petitioner is not entitled constitutionally to counsel does not affect the inescapable fact that the Rules Governing Section 2254 cases nonetheless unambiguously required the Court to appoint counsel for him. Moreover, the question before the Court is not whether Canon was ineffective under the familiar *Strickland* standards. Instead, the question is only whether petitioner is entitled to discovery and the Court's discretionary decision on that issue is not dependent upon petitioner having a constitutional right to counsel.

3

interpreted by the Sixth Circuit, "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quotation marks and citation omitted). The Sixth Circuit has also held that "[h]abeas petitioners have no right to automatic discovery. A district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause under Rule 6 . . . . The burden of demonstrating the materiality of information requested is on the moving party." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).  "Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams*, 380 F.3d at 974 (quotation marks and citation omitted).

The Court has previously held that an evidentiary hearing is warranted on petitioner's claim that his §2254 petition should be deemed timely by application of the doctrine of equitable estoppel.  The keystone of petitioner's equitable estoppel claim is his contention that he was not competent during the relevant filing period(s) due to not having been medicated properly.  Petitioner has specifically alleged that the state court adjudged him to be competent only when properly medicated.  Therefore, the issue is whether the tendered discovery requests are tailored to help resolve the equitable tolling question.[3]

One final prefatory matter must be discussed before the Court addresses the specifics of

---

3 Respondent presents what amounts to a lengthy argument on the merits of the petition by strenuously arguing that discovery should be denied because equitable tolling simply cannot be reasonably applied in this case. The Court takes no position at this juncture on whether petitioner ultimately will prevail on his equitable tolling argument.  However, the Court disagrees with respondent that the equitable tolling argument is inevitably doomed.  Had the Court believed that to be the case it would have summarily recommended dismissal of the petition instead of scheduling an evidentiary hearing.

the tendered discovery requests.  At the March 11 hearing, petitioner submitted a lengthy set of medical records to the Court (without objection).  In answering any discovery requests, respondent need not provide any duplicative documents already contained elsewhere in the record.

Turning to the discovery requests at issue, the first interrogatory asks respondent to identify how many days petitioner has been placed in segregation.  Petitioner has not demonstrated with specificity how being placed in segregation affected his competency.  In other words, that interrogatory does not focus on equitable tolling and, accordingly, respondent need not answer it.

Interrogatory two asks respondent to "[d]isclose any experts or treating physicians from whom you expect to provide reports or testimony in this case, and what you anticipate the substance of their testimony to be."  Doc. 41-1, p. 3.  The Court was under the impression that respondent was not planning on relying on any expert testimony.  However, if respondent does intend to present expert testimony regarding petitioner's mental health it should provide petitioner with the name of the expert and the expected general contours of that expert's testimony.  *See generally* Fed.R.Civ.P. 26.

Interrogatory three asks respondent to "[d]isclose any and all health providers, including therapists or other mental health professionals, who have been consulted with in any way regarding Mr. Russell" and to provide those providers' contact information.  Doc. 41-1, p. 3.  The request is overly broad in that it would encompass respondent providing information related to petitioner's physical health when the only issue before the Court is petitioner's mental health.  Therefore, respondent shall provide in its answer only information related to professionals who

have been consulted regarding petitioner's mental health.

Interrogatory four asks respondent to "[d]isclose any and all medications administered to Mr. Russell during his incarceration and the dates upon which they were administered." *Id.* Again, answering fully this interrogatory would require respondent to provide information regarding medications given to petitioner wholly unrelated to his mental health (e.g., antibiotics for infections, pain relievers for headaches, etc.). Respondent, therefore, shall provide only medications administered to petitioner which were directly related to petitioner's mental health.

Interrogatory five asks respondent to "[d]isclose the identity of all medical staff and their positions at Kentucky State Penitentiary, and state whether they have provided treatment at any time for Mr. Russell." *Id.* That interrogatory again is overly broad as answering it fully would require respondent to provide information not germane to petitioner's mental health. For example, to satisfy the interrogatory as written respondent would have to provide information regarding any medical personnel who treated petitioner for an upset stomach. Respondent therefore shall answer only as to any medical staff members who have treated petitioner for mental health-related matters.

The final interrogatory asks respondent to "[d]escribe in detail the factual basis for any and all defenses asserted by you in this action." *Id.* Petitioner—not respondent—bears the burden of proving that equitable tolling is appropriate and petitioner has not demonstrated how respondent's answer to that interrogatory would help resolve the equitable tolling issue. Moreover, respondent's position on that equitable tolling issue is, or should be, clear based on respondent's counsel's written pleadings and oral comments, and respondent doubtlessly also will present its position in full once all the evidence has been received. Accordingly, respondent

need not answer interrogatory six.

Turning to the requests for production of documents, petitioner first asks respondent to provide "any and all files kept on Mr. Russell in the ordinary course of KSP's business, including medical, disciplinary, correspondence, and any other files." *Id.* That request is overly broad as it encompasses matters far removed from the equitable tolling issue. Respondent shall be required to provide petitioner only with information from petitioner's files related directly to petitioner's mental health.

Second, petitioner asks respondent to provide "any and all evaluations or other reports regarding Mr. Russell's mental health in your possession." *Id.* at p. 4. This information is inextricably linked with the equitable tolling issue and, consequently, respondent shall be required to answer it.

Third, petitioner asks respondent to "produce any reports regarding Mr. Russell from any expert, treating, or independent physician examination." *Id.* On its face, this request is overly broad in that it seeks information not directly related to petitioner's mental health, which is the sole basis for his equitable tolling claim. Therefore, respondent shall be required to provide only reports addressing petitioner's mental health.[4]

Fourth, petitioner asks respondent to provide "any and all inmate grievances filed by Mr. Russell at any time." *Id.* On its face, this request does not relate to petitioner's mental health

---

4 It seems undisputed that at least some of the requested materials in the tendered discovery requests are in the possession of the Kentucky Correctional Psychiatric Center ("KCPC"), which is not controlled by respondent. Respondent, like any other party in discovery, is only required to provide materials within its custody or control. The Court will not require respondent to acquire and provide materials from KCPC. Instead, to obtain materials from KCPC petitioner must lodge a request directly with that entity.

status.  Therefore, respondent must provide in its answer only any grievances directly related to petitioner's mental health.

Fifth, petitioner asks respondent to provide "any correspondence generated by Mr. Russell that is kept by KSP." *Id.*  Again, that request is extremely broadly written and would lead to respondent providing petitioner with information wholly unrelated to the equitable tolling claim.  Instead, respondent shall provide only correspondence from petitioner directly related to his mental health status.

Finally, petitioner asks respondent "[t]o the extent not already provided in response to the requests above, please produce any and all documents pertaining to Mr. Russell kept by KSP." *Id.*  It would be difficult to fashion a more broadly worded discovery request.  Because the request goes far afield from the narrow issues before the Court, respondent need not answer it.

Petitioner also asks the Court to clarify if it will allow petitioner to testify via deposition or affidavit.  The Court afforded petitioner multiple opportunities to testify at the March 11 hearing and petitioner repeatedly declined to do so.  Doc. 37, p. 8, 15-16.  However, petitioner was essentially blindsided on that date by the fact that Canon was absent and Hall—a complete stranger to petitioner—was instead present.  The Court's paramount concern at this stage is the orderly administration of justice, which includes ensuring that petitioner has a full opportunity to present his equitable tolling claims.  To refuse to permit petitioner to testify would be to penalize him due to actions beyond his control (i.e., Canon's absence).  However, respondent would be punished if petitioner merely submits an affidavit as that would deprive respondent of the ability to subject petitioner to cross-examination. Therefore, the Court declines to permit petitioner to

8

present an affidavit but will permit him to testify by deposition.[5]  Alternately, the Court will

conduct an evidentiary hearing at which petitioner may testify.  However, given the inherent

logistical and financial obligation involved with transporting petitioner from his place of

incarceration to the Court, the Court encourages the parties to proceed via deposition.[6]

Finally, petitioner asks whether the Court will permit supplemental briefing and, if so,

whether that briefing must be completed during the remaining time allotted by the Court for

discovery.  Once petitioner's discovery period has ended the Court will permit respondent to file

a brief in opposition to whatever evidence petitioner presents.  Once respondent files a brief,

petitioner will be allotted time to file a reply.

Accordingly,

**IT IS ORDERED**:

1.  Petitioner's motion for discovery (doc. 41) is **granted in part and denied in part** as

set out previously herein and respondent shall answer the relevant discovery requests by May 8,

2015; and

2.  Petitioner shall have until May 18, 2015 to present additional evidence relating only to

the claim of equitable tolling.  If petitioner believes a second evidentiary hearing is necessary, he

shall email the Court at wehrman_chambers@kyed.uscourts.gov, with a courtesy copy sent to

---

5 If petitioner elects to testify via deposition, the Court strongly
encourages the parties to make usage of the video facilities available at the
place of petitioner's incarceration.  The Court will make available to
counsel its video conference facilities, which have been utilized previously
to obtain testimony from the Kentucky State Penitentiary. Because
petitioner's failure to testify on March 11 stems directly from Canon's
absence, Canon is cautioned to not request any fees or costs associated with
petitioner's deposition.
6 If petitioner requests another evidentiary hearing, the Court will consider
whether his counsel will have to pay for the costs of transporting petitioner
to the hearing and/or respondent's counsel's travel costs.

opposing counsel.  Upon the receipt of such an email, the Court will schedule a conference call with all counsel; and

    3.  Respondent shall have until June 8, 2015 to file a brief in response to both the evidence presented at the March 11 hearing and any additional evidence petitioner may later present.  However, if respondent believes it necessary to present his own additional discovery (such as the deposition of an expert), he must notify the Court as soon as practicable after petitioner's discovery period has ended via email addressed to wehrman_chambers@kyed.uscourts.gov, with a courtesy copy sent to petitioner's counsel.   The Court then will schedule a phone conference with all counsel.  Petitioner shall have ten business days from the date respondent files his brief to file a reply, after which the equitable tolling matter shall stand submitted.

    This 8th day of April, 2015.

**Signed By:**

***J. Gregory Wehrman*** *J. G. W*

**United States Magistrate Judge**