Eastern District of Kentucky
**FILED**
APR 24 2015
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| JASON ANTHONY RUSSELL,<br>　　Petitioner,<br><br>V.<br><br>RANDY WHITE, WARDEN,<br>　　Respondent. | CIVIL ACTION NO. 5:14-207-KKC<br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Respondent Randy White's emergency motion to stay discovery and enforcement of (DE 50), and Respondent's Objections to (DE 49), Magistrate Judge Wehrman's Memorandum Order ("Discovery Order") issued on April 8, 2015 (DE 47). The Discovery Order granted in part and denied in part Petitioner Jason Russell's motion for discovery, narrowing his discovery request to focus on the particular issue necessary for his 28 U.S.C. § 2254 habeas corpus petition to proceed—Petitioner's competency after his state court conviction. (DE 47). A threshold issue, however, is that a party cannot object and seek review from the district court judge of any orders issued by a magistrate judge in a "referred petition"[1] before the magistrate enters proposed findings of fact and a recommended disposition. Accordingly, the emergency motion will be denied and the objections will be denied without prejudice.

I.

"In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and

---

[1] For simplicity, the Court will describe a § 2254 petition for habeas corpus that a district court judge has referred to a magistrate judge for a report and recommendation as a "referred petition."

petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985) (citing § 636(b)(1)(A) for the holding that pretrial motions may be referred to a magistrate and citing § 636(b)(1)(B) for granting the power to refer § 2254 petitions to a magistrate). Section 636(b)(1)(A) authorizes the referral of many pretrial matters and states that a district court judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Rule 72(a) of the Federal Rules of Civil Procedure implements § 636(b)(1)(A). *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993).

Section 636(b)(1)(B) authorizes a magistrate judge to "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of petitions for writ of habeas corpus. Section 636(b)(1)(B)—and the accompanying provision describing the district court judge's oversight of the magistrate judge's report and recommendation—"is implemented by Rule 72(b) of the Federal Rules of Civil Procedure." *Massey*, 7 F.3d at 509. Rule 72(b) provides in relevant part:

> A magistrate judge must promptly conduct the required proceedings when assigned . . . . A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. . . . Within 14 days <u>after</u> being served with a copy of the recommended disposition, a party may serve and file specific written objections[,] . . . [and t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.

Fed. R. Civ. P. 72(b)(1)–(3) (emphasis added).

2

Additionally, Federal Rule of Civil Procedure 81(a)(4)(A) declares that the Federal Rules apply to proceedings in § 2254 petitions to the extent that the Federal Rules are not superseded by a federal statute or the Rules Governing § 2254 Cases. Rule 8(b) of the Rules Governing § 2254 Cases details the procedure for referring § 2254 petitions to a magistrate judge and states that objections are to be filed "[w]ithin 14 days after" the magistrate issues his "proposed findings of fact and recommendations for disposition."

## II.

The Federal Magistrates Act, the Federal Rules of Civil Procedure, and the Rules Governing § 2254 Cases provide a cohesive framework for analyzing whether a party may file objections to a magistrate judge's order in a "referred petition" before the magistrate enters his report and recommendation. The Federal Magistrates Act grants district court judges the power to refer § 2254 habeas corpus petitions to a magistrate judge, 28 U.S.C. § 636(b)(1)(B), and this power is reiterated in Rule 8(b) of the Rules Governing § 2254 Cases. Rule 8(b) of the Rules Governing § 2254 Cases and Rule 72(b) of the Federal Rules of Civil Procedure—the Federal Rule implementing § 636(b)(1)(B)—both declare that a party must file any and all objections 14 days *after* the magistrate judge enters proposed findings of fact and a recommended disposition.[2] Therefore, it is clear that the district court judge cannot consider objections to a "referred petition" before the magistrate judge issues a report and recommendation.

---

[2] The Court is aware that the Advisory Committee Notes for the 1983 Addition of Federal Rule 72 declare that Rule 72(b) "does not extend to habeas corpus petitions;" however, the Court finds Federal Rule of Civil Procedure 72(b) and Rule 8(b) of the Rules Governing § 2254 Cases to be entirely consistent. *Compare* Fed. R. Civ. P. 72(b), *with* 28 U.S.C. § 2254 Rules Governing § 2254 Cases, Rule 8(b). The consistency between these Rules further supports the conclusion that interlocutory objections to nondispositive orders by a magistrate judge in a § 2254 petition may not be considered by a district court judge.

Federal Rule of Civil Procedure 72(a), the Federal Rule requiring a district court judge to consider timely objections to nondispositive pretrial matters referred to a magistrate judge, does not apply to "referred petitions."

### III.

Accordingly, the Court **ORDERS** as follows:

1. Respondent's emergency motion to stay discovery and enforcement (DE 50) is **DENIED**; and

2. Respondent's Objections (DE 49) to the Magistrate Judge's Order permitting limited discovery in this case are **DENIED WITHOUT PREJUDICE**.

Dated April 24, 2015.



Signed By:
Karen K. Caldwell
United States District Judge